UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLON MARCANO and YMA SU-LING SCARBRIEL,

    Plaintiffs,

v.                                                  Case No: 6:24-cv-571-JSS-RMN

ORANGE COUNTY SHERIFF OFFICE, SAMIR PAULINO, and KENNETH DALE,

    Defendants.
_____/

## **ORDER**

    Defendants, the Orange County Sheriff's Office (OCSO), Samir Paulino, and Kenneth Dale, move to dismiss Plaintiffs' complaint. (Dkts. 8, 10.) Plaintiffs, Marlon Marcano and Yma Su-Ling Scarbriel, oppose the motions. (Dkts. 26, 27.) Upon consideration, for the reasons outlined below, the motions are granted.

    Plaintiffs are the parents of the late Miya Marcano. (Dkt. 1-1 at 4–5.) They allege that on September 24, 2021, they contacted the OCSO to request a welfare check on Miya at her apartment because they had been unable to contact her. (*Id.* at 4.) Paulino was dispatched to the apartment but, despite "obvious warning signs" indicating that Miya was in danger, including "a blood stain on one of [her] pillowcases, . . . a boxcutter on the floor, an opened bedroom window, . . . and a bedroom . . . in a state of disarray, . . . Paulino failed to treat the matter as a crime

scene." (*Id.* at 4–5.) "Instead, [he] completed an initial incident report and left the scene to respond to other calls for service" and "did not inform anyone about the evidence of [the] potential crime." (*Id.* at 5.) Paulino was subsequently called back to Miya's apartment two more times and allegedly disregarded clear evidence that harm had befallen Miya. (*See id.* at 5–6.) Plaintiffs allege that Paulino transmitted all the information he had received regarding Miya to his supervisor, Dale, but that "neither Paulino nor Dale shared this . . . information with anyone before completing their shifts." (*Id.* at 6.) Several hours after these events transpired, a different deputy responded to a call from Miya's aunt and opened a formal investigation into Miya's disappearance. (*Id.*) Miya's body was discovered several days later. (*Id.*)

Plaintiffs raise two counts in their complaint. Count I, brought against all Defendants, asserts Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983. (*Id.* at 12–17.) Count II, brought against only the OCSO, asserts claims of negligence, including negligent training and supervision. (*Id.* at 17–18.)

The OCSO moves to dismiss with prejudice for several reasons, including because it is not a legal entity subject to suit under Florida law. (Dkt. 8 at 2–3 (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." (quotation omitted)); *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing

functions, it is not an entity subject to suit." (quotation omitted))).)  Plaintiffs agree that the OCSO is not a proper defendant and seek leave to amend their complaint to name the proper defendant.  (Dkt. 26 at 6.)

Paulino and Dale move to dismiss the complaint without prejudice as a shotgun pleading and for failure to plead a Fourteenth Amendment violation.  (Dkt. 10 at 7–16.)  They state that "[a]ny amendment to the [c]omplaint should assert separate claims against each [D]efendant[] and clearly allege the conduct applicable to each [D]efendant" and that "if Plaintiffs are alleging that both . . . [Paulino and Dale] violated Miya's rights under the Equal Protection Clause . . ., any amendment to the [c]omplaint should allege the specific discriminatory conduct of *each* [Defendant]." (*Id.* at 16.)  Plaintiffs argue that they have adequately alleged their claims against Paulino and Dale, but they nevertheless seek leave to amend their complaint.  (Dkt. 27 at 8–9.)

Because Plaintiffs seek to amend their complaint, the court grants Defendants' motions to dismiss and allows Plaintiffs to file an amended complaint.  The court notes that the OCSO seeks dismissal with prejudice on its own behalf and on behalf of Sheriff John W. Mina, who Plaintiff asserts is the proper Defendant.  (*See* Dkt. 8 at 1–3, 14; Dkt. 26 at 6.)  Dismissal with prejudice is warranted as to the OCSO because it is not a proper defendant.  The court does not reach the arguments as to non-party Sheriff Mina.  (*See* Dkt. 8 at 3–14.)  *See Conrad v. Lopez De Lassalle*, 681 F. Supp. 3d 371, 382 (D.N.J. 2023) (declining to consider arguments brought on a non-party's behalf); *United States ex rel. Harshad Patel v. Fid. Deposit*, No. 3:19-CV-1824, 2024 U.S. Dist.

LEXIS 100010, at *11 n.3 (M.D. Pa. June 5, 2024) ("[C]onsidering an argument brought on behalf of a non[-]party would likely be inefficient or deprive the non[-]party of due process.").

Accordingly:

1. The Orange County Sheriff Motion to Dismiss Plaintiff's Complaint (Dkt. 8) is **GRANTED**. Plaintiff's claims against the Orange County Sheriff's Office are **DISMISSED with prejudice**.

2. The Motion to Dismiss the Complaint by Samir Paulino and Kenneth Dale (Dkt. 10) is **GRANTED**. Plaintiff's claims against Defendants Paulino and Dale are **DISMISSED without prejudice**.

3. Plaintiffs may file an amended complaint addressing the deficiencies addressed herein on or before February 28, 2025.

**ORDERED** in Orlando, Florida, on February 18, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record