UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLON MARCANO; and
YMA SU-LING SCARBRIEL,

Plaintiffs,

vs.

SHERIFF JOHN MINA;
SAMIR PAULINO; and
KENNETH DALE,

Defendants.

Case No.
6:24-cv-571-JSS-RMN

## ORDER

This matter is before the Court without argument on Defendant Samir Paulino's Time-Sensitive Motion for Order Directing Plaintiffs to Produce Settlement Agreements (Dkt. 54).[1] Plaintiffs oppose the relief requested. Dkt. 58.

Defendant Samir Paulino moves to compel Plaintiffs to produce documents responsive to two requests for production, both of which seek settlement agreements reached by Plaintiffs in a related

---

[1] The Court has set this motion for argument twice. Dkts. 59, 62. And Plaintiffs have twice asked the Court to modify its schedule to accommodate counsel's other matters and travel plans. Dkts. 60, 63. Because Defendant stated this matter is time-sensitive, the Court will adjudicate the motion without argument.

state-court action. Dkt. 54 at 2. Plaintiffs did not produce responsive agreement, asserting they "cannot disclose the terms of the settlement without court order." Dkt. 54-2 at 7 (responses to requests for production 21 and 22). Defendant argues the agreements are relevant to Plaintiff's damages and may be useful for impeachment. Dkt. 54 at 3–4.

In response, Plaintiffs contend the agreements are not relevant for two reasons. Dkt. 58 at 2–6. First, Plaintiffs contend Defendant is not entitled to offset a damages award here based on an award received in the state case. *Id.* at 2–3. Second, Plaintiffs argue the state case involves different parties and distinct injuries than this case, and thus the settlement agreements are not relevant. *Id.* at 3–6.

Under the Federal Rules of Civil Procedure, discovery is very broad. Indeed, Rule 26(b)(1) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The rule also notes that "discovery need not be admissible in evidence to be discoverable." *Id.*

The parties hold conflicting views on the cause and scope of Plaintiffs' injuries. Defendant contends some of those injuries were

caused by the actions of the defendants in the state action. Plaintiffs disagree. But disagreement alone is insufficient, as Plaintiffs "must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 0:05-cv-60860, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007) (citations omitted).

Defendant's requests for information and documents concerning the state court action, including settlement agreements reached in connection with that case, are relevant to the damages awarded here. And given Plaintiffs must prove the cause and scope of their damages here, the narrow scope of Defendant's requests, and the parties' relative access to the information sought, the Court finds the state-court settlement agreements should be produced to Defendants.

Furthermore, Plaintiffs implicitly concede Defendant's argument that the agreements may be useful for impeachment purposes by failing to respond to that argument in their response to the motion. *See, e.g.*, *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (citations omitted).

Accordingly, it is **ORDERED**:

1.      Defendant Samir Paulino's Time-Sensitive Motion for Order Directing Plaintiffs to Produce Settlement Agreements (Dkt. 54) is **GRANTED**;

2.      Plaintiffs shall produce all agreements responsive to Defendant's requests for production 21 and 22 no later than 5 p.m. EST on June 6, 2025;

3.      In accordance with Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiffs are directed to show cause, on or before June 6, 2025, why they should not pay the reasonable expenses incurred by Defendant Samir Paulino in making the motion, including attorney's fees; and

4.      Plaintiffs' Motion to Appear Telephonically (Dkt. 63) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida, on May 30, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record